IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00024-NYW-SBP

DIANA GUE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO AMEND

This matter is before the court on Defendant's Motion for Leave to File an Amended Answer (the "Motion" or "Motion to Amend"), [Doc. 27], filed on June 7, 2024 by Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"). For the reasons set forth below, the Motion to Amend is respectfully **DENIED**.

## BACKGROUND

This case arises out of a dispute between an insurer, State Farm, and its insured, Plaintiff Diana Gue ("Ms. Gue" or "Plaintiff"). Ms. Gue is a resident of El Paso County, Colorado, and State Farm is an Illinois corporation with its principal place of business in Illinois. *See* [Doc. 1 at ¶ 5–6; Doc. 7 at ¶¶ 1–2]. Ms. Gue originally filed her Complaint in Boulder County District Court on November 22, 2023. *See* [Doc. 7]. Ms. Gue's Complaint alleges three state law causes of action against State Farm for breach of contract, common law bad faith breach of an insurance contract ("common law bad faith"), and Unreasonable Delay and Denial of Insurance Benefits ("statutory bad faith") in violation of Colo. Rev. Stat. § 10-3-1115 (2024). *See* [*id.* at 4–6]. On January 4, 2024, State Farm

removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. [Doc. 1]. The next day, State Farm filed its Answer to the Complaint. [Doc. 9].

On February 7, 2024, the Honorable Susan B. Prose entered a Scheduling Order in this case. [Doc. 23]. Pursuant to the Scheduling Order, the deadline for amendment of pleadings was March 11, 2024. [*Id.* at 7]. On June 7, 2024, State Farm filed the instant Motion to Amend, seeking leave to file an amended answer. [Doc. 27]. In support of its Motion, State Farm states that it has discovered unspecified "new information" via Ms. Gue's discovery responses—served on April 19, 2024—that State Farm claims renders an unspecified statute of limitations affirmative defense now "viable." [*Id.* at ¶ 3].[1]

Ms. Gue opposes the Motion on grounds that it (1) is "objectively vague, brief, and potentially misleading," [Doc. 35 at 3 n.2]; (2) fails to establish good cause under Rule 16(b), [*id.* at 2–4]; and (3) fails to establish that justice would be served by granting the Motion under Rule 15(a), [*id.* at 4–15]. State Farm has since filed a Reply. [Doc. 37]. The Court considers the Parties' arguments below.

## LEGAL STANDARD

Because State Farm filed the Motion to Amend after the expiration of the deadline for amendment of pleadings as specified in the Scheduling Order, it is well-settled that the Court applies a two-step inquiry. First, the Court reviews whether the moving party demonstrates good cause for amendment pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d

---

[1] State Farm's Motion appears to include a typographical error insofar as it contains two paragraphs numbered "3" and no paragraph 4. *See* [Doc. 27 at 1]. For clarity, the Court refers to both paragraphs as paragraph 3. *See* [*id.*].

1230, 1242 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Next, the Court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Gorsuch*, 771 F.3d at 1242; *cf. Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (applying only Rule 15 when the deadline set for amendment in the Scheduling Order has not yet passed).

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information through discovery, or when the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show at least good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

By contrast, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general

3

presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper, *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).  Whether to allow amendment is within the trial court's discretion.  *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

First, the Court must determine if amendment of the Scheduling Order is appropriate under Rule 16(b).  State Farm makes no express argument in its affirmative Motion that good cause exists for amendment under Rule 16(b), but rather, argues that leave should be freely granted under Rule 15(a).  *See generally* [Doc. 27].[2]  The Court notes that State Farm does raise Rule 16(b) arguments in its Reply, [Doc. 37], but courts do not entertain arguments raised for the first time in a reply brief, *see United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).  Typically, the failure to assert an argument pursuant to Rule 16(b) is a sufficient basis alone to deny a motion to amend.  *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (affirming denial of a motion to amend the scheduling order where the movant "made absolutely no arguments to show good cause for late amendment of the pleadings" (quotation omitted)); *Loma v. Allied Universal Sec. Servs.*, No. 21-cv-02214-NYW-SBP, 2024 WL 4554664, at *4 (D. Colo. Oct. 23, 2024) (denying motion to amend without reaching Rule 15 arguments

---

[2] Nor does State Farm make any express undue delay arguments under Rule 15(a).  *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (identifying a "rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

where plaintiff failed to establish good cause).

In opposing State Farm's Motion, Ms. Gue argues that the Court's analysis should begin and end at the Rule16(b) step of the inquiry because "the only good-cause facts alleged by Defendant are that Defendant served interrogatories; responses were received April 19, 2024; [and] the responses contained 'new information,' i.e. [sic] that was not known at the time Defendant filed its answer." [Doc. 35 at 4]. Ms. Gue also contends that the Court "should not consider any facts added in Defendant's Reply." [*Id.*]. The Court respectfully agrees with Ms. Gue on both points and, for the reasons that follow, concludes that State Farm falls far short of meeting its burden to establish good cause to amend the Scheduling Order.

First, the Court notes that, while State Farm generally sets forth the date on which Ms. Gue served her discovery responses, *see, e.g.*, [Doc. 27 at ¶ 3], and vaguely alludes to what it asserts is "new information," *see, e.g.*, [*id.* at ¶ 4], State Farm fails to set forth in sufficient detail exactly what information it learned, which frustrates the Court's ability to efficiently rule on the Motion and cuts against a finding of good cause. *See Seale v. Peacock*, No. 19-cv-03559-KMT, 2021 WL 927632, at *3 (D. Colo. Mar. 11, 2021) (finding that the moving party did not demonstrate good cause by stating that it "recently obtained [new] information" where the briefing was "devoid of any specific explanation" of when movant discovered the new information); *see also Bauer v. Crete Carriers Corp.*, No. 18-cv-01536-PAB-SKC, 2019 WL 7290939, at *5 (D. Colo. Nov. 1, 2019) (finding that moving parties did not demonstrate good cause for late amendment when they "[did] not elucidate on what it is they learned or when"). In addition, without more detail about the "new information," the Court cannot assess whether the information in the responses received

5

on April 19, 2024 was, in fact, "new" or was available before the March 11, 2024 deadline to amend.

Second, the "good cause" provision "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished). This good-cause burden may be satisfied where new information is learned during discovery. *Gorsuch*, 771 F.3d at 1240. In determining whether newly discovered information constitutes good cause for amendment of the Scheduling Order, the relevant "question is when the [moving party] first learned of new information that it sought to include in its pleadings." *Fountain Valley Inv. Partners, LLC v. Cont'l W. Ins. Co.*, No. 14-cv-01906-MSK-NYW, 2015 WL 7770772, at *2 (D. Colo. Dec. 3, 2015). The mere fact that a party learned of new information after the deadline to amend the pleadings is alone insufficient to establish good cause to amend the Scheduling Order. "A party does not demonstrate good cause to modify a scheduling order to accommodate an otherwise untimely motion to amend by simply pointing to information learned after that deadline. Rather, the party must also show it acted diligently in moving to amend once it learned of this new information." *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC-ADM, 2020 WL 5118068, at *1 (D. Kan. Aug. 31, 2020); *Gary G. v. United Healthcare*, No. 2:17-cv-00413-DN-DAO, 2021 WL 778578, at *1 (D. Utah Mar. 1, 2021) ("[T]he moving party must show good cause for failing to move to amend prior to the cutoff date <u>and</u> for the length of time between learning of the new information warranting amendment and moving to amend.").

Indeed, "[e]ven when a party learns of new information through discovery, it must

6

still act diligently in moving to amend." *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 20-2298-JWB-ADM, 2021 WL 533827, at *4 (D. Kan. Feb. 12, 2021). For this reason, courts regularly look to when a party seeks leave to amend, in comparison to when it learned of new information necessitating the amendment, in determining whether good cause exists under Rule 16(b). *See, e.g.*, *Seale*, 2021 WL 927632, at *3-4; *Mackey v. Watson*, No. 17-cv-01341-CMA-STV, 2019 WL 3543624, at *10 (D. Colo. Aug. 5, 2019); *Grindle v. Cinetopia Prairifire, LLC*, No. 20-cv-02092-KHV-KGG, 2021 WL 101126, at *2 (D. Kan. Jan. 12, 2021); *Riley v. Unified Caring Ass'n*, No. 13-cv-00173-J, 2014 WL 12629944, at *5 (D. Wyo. Nov. 12, 2014). The Court therefore considers the timing of the Motion to Amend in determining whether State Farm has established good cause to amend the Scheduling Order under Rule 16.

State Farm asserts that it discovered the "new" information on which it bases its proposed amendment on April 19, 2024. [Doc. 27 at ¶ 3]. Yet State Farm did not seek leave to amend its Answer until June 7, 2024—seven weeks after the discovery of this new information. *See generally* [*id.*]. State Farm does not provide any reason for this delay in its Motion to Amend. *See* [*id.*]. Thus, State Farm fails to provide the Court with any basis from which to conclude that State Farm acted with diligence with respect to when it first learned of the relevant information and when it moved to amend. *Cf. Fountain Valley*, 2015 WL 7770772, at *2 (where the plaintiff learned of information but "did not realize [its] significance" until discovery had progressed further, finding no good cause because the relevant question was "when the [p]laintiff first learned of new information that it sought to include in its pleadings"); *cf. Ward v. Acuity*, No. 21-cv-00765-CMA-NYW, 2021 WL 4947294, at *4 (D. Colo. Oct. 6, 2021) (finding no good cause for delay in

7

amendment where the moving party did not initially realize the relevance of certain information it had in its possession), *report and recommendation adopted*, 2021 WL 5113580 (D. Colo. Nov. 3, 2021)

Where the deadline for amendment has already passed, it is "incumbent upon the [moving party] to alert the court of its need to amend *as soon as possible* after learning the new information." *Fountain Valley*, 2015 WL 7770772, at *2 (emphasis added). Because seven weeks passed between the discovery of much of the purportedly new information and the filing of the Motion to Amend, and because State Farm has not provided an adequate justification for that delay, the Court cannot conclude that State Farm "acted diligently in moving to amend once it learned of this new information." *Farr*, 2020 WL 5118068, at *1. The Court does not find that the nearly two-month delay in filing the Motion demonstrates diligence on the part of State Farm. *See Romero v. Allstate Fire & Cas. Ins. Co.*, No. 14-cv-01522-NYW, 2015 WL 5321441, at *7 (D. Colo. Sept. 14, 2015) (finding no good cause where the moving party waited two months in seeking leave to amend and did not explain the delay); *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2016 WL 344725, at *4 (D. Kan. Jan. 28, 2016) (finding no good cause where movant failed to explain two-month delay between learning of information and moving to amend).

In sum, based on the record before the Court, State Farm has failed to establish that good cause exists under Rule 16(b) to amend the Scheduling Order. Having found no good cause under Rule 16(b), the Court need not address the Rule 15 standards for leave to amend. *See Husky Ventures*, 911 F.3d at 1020 (finding that the failure to assert an argument pursuant to Rule 16(b) is alone a sufficient basis to deny a motion to amend);

*Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) State Farm's Motion for Leave to File an Amended Answer [Doc. 27] is **DENIED**.

DATED: November 27, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge